FILED
FEBRUARY 11, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JO LOUISE PADAL, | ) |
| Plaintiff, | ) Case No. |
| vs. | ) |
| INGRAM ENTERTAINMENT, INC.; | ) |
| Defendant. | ) |

**08 C 892**

**JUDGE GUZMAN**
**MAGISTRATE JUDGE KEYS**

## COMPLAINT

Plaintiff JO LOUISE PADAL ("Plaintiff"), by and through her attorneys, ALAN H. SHIFRIN & ASSOCIATES, LLC. and against INGRAM ENTERTAINMENT, INC ("Defendant") state as follows:

### INTRODUCTION

1. This action seeks redress of retaliation in violation of Titles I and Title V of the Americans with Disabilities Act of 1990 (ADA) by her employer, Defendant INGRAM ENTERTAINMENT, INC, and for redress for age discrimination by Defendant in violation of the Plaintiff's rights of equal protection in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. 621-634 *et seq*. Plaintiff seeks monetary damages for her injuries.

2. Plaintiff was discharged on July 24, 2007 from her position of receptionist with Defendant in violation of Titles I and Title V of the Americans with Disabilities Act of 1990 (ADA), while Plaintiff was a qualified disabled individual under the ADA, due to Defendant's written policy of making no accommodations for disabled employees under any circumstances.

3. Defendant violated the ADEA by terminating Plaintiff, age 60, from her position despite her excellent employment record while retaining other employees under the age of 40 with less experience who took over the tasks associated with her position.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 USCS § 1331 and §1343.

5. The corporate headquarters of Defendant is located in Tennessee, but also maintaines a warehouse and office in Carol Stream, Illinois and as such, the venue of the United States District Court for the Northeastern District of Illinois, Eastern Division is proper under 28 USCS § 1391.

6. All conditions precedent to the institution of this lawsuit have been fulfilled, including receipt of a "right-to-sue" letter issued by the EEOC on November 9, 2007. See Exhibit A. Plaintiff has commenced this action within 90 days after her receipt of the EEOC notice of right to sue, November 13, 2007. The EEOC complaint, as amended, was filed within 180 days of the unlawful conduct alleged in this complaint. See Exhibit B.

## THE PARTIES

7. Defendant is a Tennessee Corporation with a warehouse and office in Carol Stream, Illinois. Defendant was Plaintiff's employer from October 5, 1992 and worked as a receptionist and warehouse floater until she was discharged on July 24, 2007.

8. At all relevant times complained of herein, Defendant was, and is now an employer with more than 15 employees as required under the ADA, and with more than 20 employees as required under the ADEA.

## FACTS UPON WHICH CLAIMS ARE BASED

9. On or about July 24, 2006, Plaintiff filed a claim for worker's compensation for an injury to Plaintiff's right thumb which occurred while working in the Defendant's warehouse. While this claim was denied on December 13, 2006, Plaintiff was granted a leave of absence under FMLA to receive and recover from surgery for the thumb injury and for carpal tunnel syndrom. While on this leave, Plaintiff was approved for and placed under the Defendant's short term disability plan. On March 14, 2007 Plaintiff's treating physician released her to return to work with a five pound maximum weight restriction and a restriction preventing the use of

Plaintiff's hands for repetitive pushing and pulling, but the Defendant refused to return her to her position due to their written policy that stipulates that associates on short term disability may not return to work with any medical restrictions (See Exhibit C attached herein). At some time thereafter, the Defendant extended Plaintiff's leave of absence to July 23, 2007. At some time before this date, but after April 1, 2007, Defendant eliminated Defendant's position, passing on her tasks and responsibilities to other employees, who, upon information and believe are under the age of 40. Upon the July 23, 2007 return date, Plaintiff still had medical restrictions set by her treating physician, but allowed for her to lift up to ten pounds. Defendant informed Plaintiff that they would not take her back for any position as she still had restrictions, and even if she had no restrictions, there were no open positions at all with the Defendant as of July 24, 2007. Defendant terminated Plaintiff as of July 24, 2007. It is likely that Plaintiff's disability is permanent.

10. That Plaintiff filed a claim on or about December 1, 2006 with the Illinois Industrial Commission against Defendant for workers compensation under case 06 WC 052031. This case was settled on or about May 5, 2007 for approximately $2,677.76 paid to Plaintiff representing 7.5% loss of use of her right thumb.

11. That Defendant has an unwritten policy, obvious through continued practice, to terminate any employee who files a claim for workers compensation.

## COUNT 1
### (ADA - Discrimination)

12. In violation of the ADA, Plaintiff was discriminated against in that she was a qualified disabled individual under the Act, and the Defendant refused under any circumstances to allow her, or any employee, to return to work with any medical restrictions.

13. That Plaintiff could have returned to work as early as March 16, 2007 but the Defendant refused to allow reasonable accommodations to allow her to return to her receptionist duties.

14. That Plaintiff's position was eliminated sometime after April 4, 2007, but she could have continued with her warehouse duties as they did not require her to lift over 5 pounds.

15. That Plaintiff was ready, willing, and able to return to work at any time after

March 16, 2007 but was refused any accommodation at all per Defendant's written policy, and she was terminated on July 24, 2007.

16. The actions of the Defendant, as perpetrated by its agents and as described and complained of hereinabove, are unlawful employment practices in that they likely have the effect and did have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting the Plaintiff in violation of the ADA.

17. The Defendant intentionally subjected the Plaintiff to discriminatory treatment including but without limitations the following:

    a. Defendant refused to make any accommodations for Plaintiff, whether reasonable or not, per written policy;

    b. Defendant eliminated Plaintiff's position and refused to allow her to work any other position, even though with reasonable accommodations, she would be able to;

    c. Defendant wrongfully terminated the Defendant in violation of the Statute.

18. The actions of the part of the Defendant have caused and continue to cause the Plaintiff substantial losses in earnings and other employment benefits.

19. The Defendant did the acts herein alleged maliciously, fraudulently, and oppressively and with wrongful intention of injuring the Plaintiff from an improper and evil motive amounting to malice and in conscious disregard of the Plaintiff's rights.

## COUNT 2
### (ADEA - Discrimination)

20. Plaintiff restates and realleges by reference paragraphs 1 - 19 above as though fully set forth herein.

21. That Plaintiff was born on May 11, 1947 and at the time of her termination was 60 years of age.

22. That in violation of the ADEA, Plaintiff eliminated Plaintiff's position as receptionist and warehouse floater, assigning her tasks to several employees who, upon information and belief, are under the age of 40, and are paid significantly less that plaintiff.

23.　That due to Plaintiff's age and length of time of employment with the Defendant, she was, upon information and belief, being paid significantly more than the employees who replaced her.

24.　That at the time of Plaintiff's termination they told her that she could apply for another position within the company, but further told her that no positions are or would be available. Upon information and belief, positions were available at that time and came available in the time since.

25.　The actions of the Defendant, as perpetrated by its agents and as described and complained of hereinabove, are unlawful employment practices in that they likely have the effect and did have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting the Plaintiff in violation of the ADEA.

26.　The Defendant intentionally subjected the Plaintiff to discriminatory treatment including but without limitations the following:

   a.　Defendant terminated Plaintiff's employment due to the increased compensation she was receiving due to her age and and length of time employed with the Defendant;

   b.　That after eliminating Plaintiff position as receptionist and warehouse floater, Plaintiff refused to place her into another position, even though she was qualified and had significant experience, instead hiring employees under the age of 40.;

   c.　Defendant wrongfully terminated the Defendant in violation of the Statute.

27.　The actions of the part of the Defendant have caused and continue to cause the Plaintiff substantial losses in earnings and other employment benefits.

28.　The Defendant did the acts herein alleged maliciously, fraudulently, and oppressively and with wrongful intention of injuring the Plaintiff from an improper and evil motive amounting to malice and in conscious disregard of the Plaintiff's rights.

## PRAYER

50. Because Defendants have engaged in the acts and practices described above,

Defendants have violated the law as alleged in this Complaint and have caused injury, loss and damage to the Plaintiff.

51. WHEREFORE, Plaintiff prays and demands the following relief:

1. That Defendants be cited according to law to appear and answer herein;

2. Trial by jury of all issues so triable;

3. A judgment awarding all compensation and benefits including back pay, a sum in excess of $60,000;

4. A judgment awarding Plaintiff all costs and attorneys fees as allowed per statute;

5. A judgment awarding Plaintiff all statutory damages due under the statutes complained hereinunder;

6. A judgment awarding Punitive damages as allowed by law and under the statutes complained hereinunder, a sum in excess of $180,000;

7. The Plaintiff further prays that the Court grant all other relief to which the Plaintiff may show itself entitled.

Respectfully submitted,

JO LOUISE PADAL


By:   /s/ Jeffrey S. Marks
      /s/Terry D. Slaw
      Two of Its Attorneys

      Jeffrey S. Marks (ARDC# 6290132)
      Terry D. Slaw (ARDC# 06183906)
      ALAN H. SHIFRIN & ASSOCIATES
      3315 Algonquin Rd. #202
      Rolling Meadows, IL 60008
      847-222-0500

      Dated: February 11, 2008

## **VERIFICATION**

Under penalties as provided by law pursuant to Federal Rules of Civil Procedure, the undersigned certifies that the statements set forth in the attached complaint are true and correct except as to matters therein stated to be on information and belief and certifies the following specifically regarding the attached complaint pursuant to Rule 11:

1. it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
2. the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
3. the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
4. the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably base on a lack of information or belief.

and as to such matters the undersigned certifies as aforesaid, under oath and penalty of law, that she verily believes the same to be true.

_Jo Louise Padal_
Jo Louise Padal

Date:

## Exhibit List

Exhibit A —     EEOC Right to sue letter

Exhibit B —     IDHR/EEOC Complaint

Exhibit C —     Ingram Entertainment Memo

# Exhibit A

EEOC Form 161-B (3/98)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| **To:** Jolouise Padal<br>209 William Way<br>Bloomingdale, IL 60108 | **From:** Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
| CERTIFIED MAIL 7003 3110 0004 0947 3323 | |
| [ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | |
| EEOC Charge No.<br>21B-2007-02261 | EEOC Representative<br>**Armernola P. Smith,**<br>**State & Local Coordinator** | Telephone No.<br>(312) 886-5973 |

RECEIVED NOV 14 2007 AHS & ASSOC.

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe*                                       11/09/2007

Enclosures(s)                John P. Rowe,                         (Date Mailed)
                             District Director

cc: **INGRAM ENTERTAINMENT INC**
    382 E Lies Road
    Carol Stream, IL 60188

# Exhibit B

Case 1:08-cv-00892  Document 1  Filed 02/11/2008  Page 11 of 16

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form. #08W807.12 | ☒ IDHR<br>☐ EEOC | 2008CA0235 |

### Illinois Department of Human Rights and EEOC

| NAME (indicate Mr. Ms. Mrs.)<br>Mrs. Jo Louise Padal | HOME TELEPHONE (include area code)<br>(630) 539-1506 | |
|---|---|---|
| STREET ADDRESS<br>209 William Way | CITY, STATE AND ZIP CODE<br>Bloomingdale, IL 60108 | DATE OF BIRTH<br>5/11/47 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME<br>Ingram Entertainment, Incorporated | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE (include area code)<br>(630) 871-0222 |
|---|---|---|
| STREET ADDRESS<br>382 E. Lies Rd. | CITY, STATE AND ZIP CODE<br>Carol Stream, IL 60188 | COUNTY<br>DuPage |

| CAUSE OF DISCRIMINATION BASED ON:<br><br>AGE  HANDICAP | DATE OF DISCRIMINATION<br>EARLIEST (ADEA/EPA)   LATEST (ALL)<br>7/24/07<br>☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (if additional space is needed attach extra sheets)

I.  A.   **ISSUE/BASIS**
    HARASSMENT – JULY 23, 2007/DUE TO AGE, 60

   B.   **PRIMA FACIE ALLEGATIONS**

   1. My age is 60.

   2. My performance as receptionist was satisfactory. I was hired on October 5, 1992, and I had a good employment record.

   3. On July 23, 2007, I was harassed by Amy Dement, Corporate Human Resources Officer, who talked to me in a demeaning manner; told me not to bother to go back

Continued...lgv

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME THIS 8th DAY OF August, 2007<br><br>_[signature]_<br>NOTARY SIGNATURE |
|---|---|
| OFFICIAL SEAL<br>KRYSTAL ROGERS<br>NOTARY PUBLIC - STATE OF ILLINOIS<br>MY COMMISSION EXPIRES:11/16/10<br>NOTARY SEAL | X _[signature]_ Jo Louise Padal  8-8-07<br>SIGNATURE OF COMPLAINANT    DATE<br>I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief |

FORM 5 (5/05)

Complainant: Jo Louise Padal
Charge Number: 2008CA0235
Page 2

to work, because Respondent had nothing for me to do; she said Respondent did not need me anymore and had eliminated my position. Respondent's management employees harassed me on a regular basis during the last two years of my employment.

4. Younger employees were not harassed in this manner.

II. A. ISSUE/BASIS
DISCHARGE – JULY 23, 2007/DUE TO AGE, 61

B. PRIMA FACIE ALLEGATIONS
1. My age is 60.

2. My performance as receptionist was satisfactory. I was hired on October 5, 1992, and I had a good employment record.

3. On July 23, 2007, Amy Dement, Corporate Human Resources Officer, discharged me. The reasons given for my discharge were: my position was eliminated; I resigned voluntarily, and I was laid off.

4. I did nothing to deserve a discharge, and I did not resign. Respondent had been looking for a pretext to discharge me due to my age.

5. Younger employees were not discharged under similar circumstances.

III. A. ISSUE/BASIS
DISCHARGE – JULY 23, 2007/DUE TO A PHYSICAL HANDICAP, CARPAL TUNNEL SYNDROME (RIGHT HAND)

B. PRIMA FACIE ALLEGATIONS
1. I am handicapped within the meaning of Section 1-103 (I) of the Illinois Human Rights Act.

2. Respondent was aware of my handicap. Respondent knew I would soon need an operation to treat my condition.

3. On July 23, 2007, Amy Dement, Corporate Human Resources Officer, discharged me. The reasons given for my discharge were: my position was eliminated; I resigned voluntarily, and I was laid off.

4. I did nothing to deserve a discharge, and I did not resign. Respondent had been looking for a pretext to discharge me. Respondent did not like the fact that my doctor released me to go back to work with lifting restrictions (10 lbs), even though my work as receptionist did not require heavy lifting.

Continued...lgv

Complainant: Jo Louise Padal
Charge Number: 2008CA0235
Page 3

        5. My handicap is unrelated to my ability to perform my job duties.

IV.   A.   ISSUE/BASIS
        DISCHARGE – JULY 23, 2007/DUE TO A PHYSICAL HANDICAP, RIGHT THUMB DISORDER

    B.   PRIMA FACIE ALLEGATIONS

1. I am handicapped within the meaning of Section 1-103 (I) of the Illinois Human Rights Act.

2. Respondent was aware of my handicap. Respondent knew I had just had an operation to treat my condition.

3. On July 23, 2007, Amy Dement, Corporate Human Resources Officer, discharged me. The reasons given for my discharge were: my position was eliminated; I resigned voluntarily, and I was laid off.

4. I did nothing to deserve a discharge, and I did not resign. Respondent had been looking for a pretext to discharge me. Respondent did not like the fact that my doctor released me to go back to work with lifting restrictions (10 lbs), even though my work as receptionist did not require heavy lifting.

5. My handicap is unrelated to my ability to perform my job duties.

lgv

# Exhibit C

**Ingram Entertainment Inc.**     Section:   Leave of Absence

Title:   **Short Term and Long Term Disability**

**Effective: 6-1-90  Revised: 05-13-02  No. 402**

IEI is aware of the effects a disability has on an associate and his/her family. In order to help lessen the financial burden of a leave of absence due to a personal disability, IEI offers Short Term Disability (STD) and Long Term Disability (LTD) benefits at no cost to associates. In addition, several states have disability plans that may provide benefits in coordination with the Company's plans.

Associates who have completed six (6) months of full-time service are eligible for STD benefits. STD benefits begin on the fifteenth (15th) consecutive day of disability. STD benefits will end on the earliest of the following:

- The date on which you are not Totally Disabled;
- The date You reach the Maximum Benefit Period payable;
- The date on which You fail to provide required proof of Disability;
- The date on which employment ceases;
- The date on which You fail to comply with any of the requirements under the program, including a refusal to allow an Independent Medical Examination;
- The date that You die; or
- The date on which You begin a personal leave of absence other than a Disability Absence.

STD will not continue beyond six (6) months. When an associate returns from STD leave, they must present a fitness for work statement from their physician. Under no circumstances will an associate be allowed to return to work with medical restrictions.

If the associate has <u>accrued</u> sick, vacation or personal time available, he/she must use this to receive full pay during the first fourteen (14) days of disability. In addition, <u>accrued</u> sick, vacation or personal time may be used as a substitute for STD benefits in order for the associate to maintain full pay.

To begin receiving STD benefits, an associate's physician must provide information that confirms that the associate is disabled. For this reason, a STD Claim Form with physician's statement is required. Upon completion, the Claim Form is sent to the Human Resources Department for processing and approval.