IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JO LOUISE PADAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  08 C 892 |
| | ) | Judge Guzman |
| INGRAM ENTERTAINMENT, INC., | ) | Magistrate Judge Keys |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO
PLAINTIFF'S COMPLAINT**

NOW COMES Defendant, Ingram Entertainment, Inc. ("Ingram" or the "Company"), by and through its attorneys, and for its Answer to Plaintiff's Complaint, states as follows:

**INTRODUCTION**

**PARAGRAPH 1:**

This action seeks redress of retaliation in violation of Titles I and Title V of the Americans with Disabilities Act of 1990 (ADA) by her employer, Defendant INGRAM ENTERTAINMENT, INC., and for redress for age discrimination by Defendant in violation of the Plaintiff's rights of equal protection in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. 621-634 *et seq*.  Plaintiff seeks monetary damages for her injuries.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 1, but denies that it engaged in any unlawful conduct.

**PARAGRAPH 2:**

Plaintiff was discharged on July 24, 2007 from her position of receptionist with Defendant in violation of Titles I and Title V of the Americans with Disabilities Act of 1990 (ADA), while Plaintiff was a qualified disabled individual under the ADA, due to Defendant's written policy of making no accommodations for disabled employees under any circumstances.

**ANSWER:**

Defendant admits that Plaintiff was discharged on July 24, 2007 from her position of receptionist, but denies the remaining allegations contained in Paragraph 2.

**PARAGRAPH 3:**

Defendant violated the ADEA by terminating Plaintiff, age 60, from her position despite her excellent employment record while retaining other employees under the age of 40 with less experience who took over the tasks associated with her position.

**ANSWER:**

Defendant admits that Plaintiff was 60 years of age at the time of her termination and that one of its employees under the age of 40 assumed a very small portion of Plaintiff's job responsibilities, but denies the remaining allegations contained in Paragraph 3.

## JURISDICTION AND VENUE

**PARAGRAPH 4:**

The Court has jurisdiction over this matter pursuant to 28 USCS §1331 and §1343.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 4, but is without knowledge or information sufficient to form a belief as to whether Plaintiff filed her Complaint within 90 days of her receipt of the EEOC's right-to-sue letter.

**PARAGRAPH 5:**

The corporate headquarters of Defendant is located in Tennessee, but also maintains a warehouse and office in Carol Stream, Illinois and as such, the venue of the United States District Court for the Northern District of Illinois, Eastern Division is proper under 28 USCS §1391.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 5.

**PARAGRAPH 6:**

All conditions precedent to the institution of this lawsuit have been fulfilled, including receipt of a "right-to-sue" letter issued by the EEOC on November 9, 2007. See Exhibit A. Plaintiff has commenced this action within 90 days after her receipt of the EEOC notice of right to sue, November 13, 2007. The EEOC complaint, as amended, was filed within 180 days of the unlawful conduct alleged in this complaint. See Exhibit B.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff commenced this action within 90 days of her receipt of the EEOC's Notice of Right-to-Sue letter. Defendant admits that the Right-to-Sue letter attached to Plaintiff's Complaint states that it was issued on November 9, 2007 and that Plaintiff's EEOC Charge was filed within 180 days of Plaintiff's termination.

## THE PARTIES

**PARAGRAPH 7:**

Defendant is a Tennessee Corporation with a warehouse and office in Carol Stream, Illinois. Defendant was Plaintiff's employer from October 5, 1992 and worked as a receptionist and warehouse floater until she was discharged on July 24, 2007.

**ANSWER:**

Defendant admits that it is a Tennessee corporation with a warehouse and office located in Carol Stream, Illinois and that Defendant was Plaintiff's employer from October 5, 1992 through July 24, 2007. Defendant denies the remaining allegations contained in Paragraph 7. By way of further answer, Defendant states that Plaintiff worked as a floater in the warehouse from October 5, 1992 until December 31, 2000, and that Plaintiff worked as a receptionist from January 1, 2001 until July 24, 2007.

**PARAGRAPH 8:**

At all relevant times complained of herein, Defendant was, and is now an employer with more than 15 employees as required under the ADA, and with more than 20 employees as required under the ADEA.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 8.

### FACTS UPON WHICH CLAIMS ARE BASED

**PARAGRAPH 9:**

First Sentence:

On or about July 24, 2006, Plaintiff filed a claim for worker's [sic] compensation for an injury to Plaintiff's right thumb which occurred while working in the Defendant's warehouse.

**ANSWER:**

Defendant admits that Plaintiff filed a workers' compensation claim on or about July 24, 2006, but denies the remaining allegations contained in the first sentence of Paragraph 9.

Second Sentence:

While this claim was denied on December 13, 2006, Plaintiff was granted a leave of absence under FMLA to receive and recover from surgery for the thumb injury and for carpal tunnel syndrome.

**ANSWER:**

Defendant denies that Plaintiff informed Defendant that she suffered from carpal tunnel syndrome in December 2006, and Defendant therefore denies that Plaintiff was ever granted a leave of absence to recover from surgery for carpal tunnel syndrome. Defendant denies that Plaintiff underwent surgery for carpel tunnel syndrome while employed by Defendant. Defendant admits that Plaintiff was given FMLA leave with respect to her thumb injury and that she underwent surgery for a thumb injury while working for Defendant. Defendant admits that Plaintiff's workers' compensation claim was denied by the insurance carrier on December 13, 2006 because it was determined that Plaintiff had not in fact injured her thumb at work as she had claimed.

Third Sentence:

While on this leave, Plaintiff was approved for and placed under the Defendant's short term disability plan.

**ANSWER:**

Defendant admits the allegations contained in sentence 3.

Fourth Sentence:

On March 14, 2007 Plaintiff's treating physician released her to return to work with a five pound maximum weight restriction and a restriction preventing the use of Plaintiff's hands for repetitive pushing and pulling, but the Defendant refused to return her to her position due to their written policy that stipulates that associates on short term disability may not return to work with any medical restrictions (See Exhibit C attached herein).

**ANSWER:**

Defendant admits that on March 14, 2007 Plaintiff's treating physician released her to return to work with a five-pound maximum weight restriction and a restriction preventing the use of Plaintiff's hands for repetitive pushing and pulling and that Defendant did not allow Plaintiff to return to work at this time. Defendant denies that its policy as stated or applied stipulates that associates on short-term disability may not return to work with any medical restrictions under any circumstances. By way of further answer, Defendant states that employees with disabilities would be, and are, allowed to return to work with accommodations as required by state and federal law. Defendant denies that Plaintiff met the insurance carrier's definition of short-term disability following March 14, 2007, but admits that the carrier did approve a continuation of benefits. Defendant admits that Plaintiff was not allowed to return to work at this time because her doctor had not issued a full release, but denies that Plaintiff was or is disabled.

Fifth Sentence:

At some time thereafter, the Defendant extended Plaintiff's leave of absence to July 23, 2007.

**ANSWER:**

Defendant admits the allegations in sentence five.

Sixth Sentence:

At some time before this date, but after April 1, 2007, Defendant eliminated Defendant's [sic] position, passing on her tasks and responsibilities to other employees, who, upon information and believe [sic] are under the age of 40.

**ANSWER:**

Defendant admits that Plaintiff's position of receptionist was eliminated on April 11, 2007, and admits that a very small portion of Plaintiff's job responsibilities were assumed by other employees, one of whom is under 40 years of age. Defendant denies that the great majority of Plaintiff's job responsibilities were assumed by any other employee.

Seventh Sentence:

Upon the July 23, 2007 return date, Plaintiff still had medical restrictions set by her treating physician, but allowed for her to lift up to ten pounds.

**ANSWER:**

Defendant denies that July 23, 2007 was a "return date". Defendant admits the remaining allegations contained in sentence 7 of Paragraph 9. By way of further answer, Defendant states that Plaintiff had other medical restrictions at this time.

Eighth Sentence:

Defendant informed Plaintiff that they would not take her back for any position as she still had restrictions, and even if she had no restrictions, there were no open positions at all with the Defendant as of July 24, 2007.

**ANSWER:**

Defendant admits that Plaintiff was not returned to work as of July 24, 2007 because her doctor had not issued a full release at that time, but denies that Plaintiff was or is disabled. Defendant admits the remaining allegations contained in sentence 8 of Paragraph 9.

6

Ninth Sentence:

Defendant terminated Plaintiff as of July 24, 2007.  It is likely that Plaintiff's disability is permanent.

**ANSWER:**

Defendant admits the allegations contained in sentence 9 of Paragraph 9, but denies that Plaintiff has a disability and/or that she has a permanent disability.

**PARAGRAPH 10:**

That Plaintiff filed a claim on or about December 1, 2006 with the Illinois Industrial Commission against Defendant for workers [sic] compensation under case 06 WC 052031.  This case was settled on or about May 5, 2007 for approximately $2,677.76 paid to Plaintiff presenting 7.5% loss of use of her right thumb.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 10.  By way of further answer, Defendant states that Plaintiff's workers' compensation claim was denied because it was determined that Plaintiff had not in fact injured her thumb at work as she had claimed.

**PARAGRAPH 11:**

That Defendant has an unwritten policy, obvious through continued practice, to terminate any employee who files a claim for workers [sic] compensation.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 11.

**COUNT 1**
**(ADA - Discrimination)**

**PARAGRAPH 12:**

In violation of the ADA, Plaintiff was discriminated against in that she was a qualified disabled individual under the Act, and the Defendant refused under any circumstances to allow her, or any employee, to return to work with any medical restrictions.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 12.

**PARAGRAPH 13:**

That Plaintiff could have returned to work as early as March 16, 2007 but the Defendant refused to allow reasonable accommodations to allow her to return to her receptionist duties.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that "Plaintiff could have returned to work as early as March 16, 2007," but admits that it refused to allow Plaintiff to return to work as of that date. Defendant denies that it "refused to allow reasonable accommodations to allow her to return to her receptionist duties," and denies that it was under an obligation to reasonably accommodate Plaintiff because she was not disabled.

**PARAGRAPH 14:**

That Plaintiff's position was eliminated sometime after April 4, 2007, but she could have continued with her warehouse duties as they did not require her to lift over 5 pounds.

**ANSWER:**

Defendant denies that Plaintiff engaged in any "warehouse duties" as a receptionist and therefore denies that "she could have continued with her warehouse duties." Defendant denies that warehouse duties do not require employees to lift over five pounds. Defendant admits that Plaintiff's position of receptionist was eliminated after April 4, 2007.

**PARAGRAPH 15:**

That Plaintiff was ready, willing, and able to return to work at any time after March 16, 2007 but was refused any accommodation at all per Defendant's written policy, and she was terminated on July 24, 2007.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff was ready, willing and able to return to work at any time after March 16, 2007. Defendant admits that Plaintiff was terminated on July 24, 2007. Defendant

denies that it refused to accommodate Plaintiff pursuant to any written policy. By way of further answer, Defendant states that Plaintiff was not entitled to a reasonable accommodation because she is not and was not disabled.

### PARAGRAPH 16:

The actions of the Defendant, as perpetrated by its agents and as described and complained of hereinabove, are unlawful employment practices in that they likely have the effect and did have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting the Plaintiff in violation of the ADA.

### ANSWER:

Defendant denies the allegations contained in Paragraph 16.

### PARAGRAPH 17:

The Defendant intentionally subjected the Plaintiff to discriminatory treatment including but without limitation the following:

    a.    Defendant refused to make any accommodations for Plaintiff, whether reasonable or not, per written policy;

    b.    Defendant eliminated Plaintiff's position and refused to allow her to work any other position, even though with reasonable accommodations, she would be able to;

    c.    Defendant wrongfully terminated the Defendant in violation of the Statute.

### ANSWER:

Defendant admits that it eliminated Plaintiff's position and that no other positions were available at Defendant, but denies the remaining allegations contained in Paragraph 17. By way of further answer, Defendant states that Plaintiff was not entitled to a reasonable accommodation because she is not and was not disabled.

### PARAGRAPH 18:

The actions of the part of the Defendant have caused and continue to cause the Plaintiff substantial losses in earnings and other employment benefits.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 18.

**PARAGRAPH 19:**

The Defendant did the acts herein alleged maliciously, fraudulently, and oppressively and with wrongful intention of injuring the Plaintiff from an improper and evil motive amounting to malice and in conscious disregard of the Plaintiff's rights.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 19.

## COUNT 2
### (ADEA - Discrimination)

**PARAGRAPH 20:**

Plaintiff restates and realleges by reference paragraphs 1 - 19 above as though fully set forth herein.

**ANSWER:**

Defendant realleges its answers to Paragraphs 1 through 19 as if fully set forth herein.

**PARAGRAPH 21:**

That Plaintiff was born on May 11, 1947 and at the time of her termination was 60 years of age.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 21.

**PARAGRAPH 22:**

That in violation of the ADEA, Plaintiff [sic] eliminated Plaintiff's position as receptionist and warehouse floater, assigning her tasks to several employees who, upon information and belief, are under the age of 40, and are paid significantly less that [sic] plaintiff.

**ANSWER:**

Defendant admits that it eliminated Plaintiff's position of receptionist and that a very small portion of her duties were assumed by an employee under 40 years of age, but denies the remaining allegations contained in Paragraph 22.

**PARAGRAPH 23:**

That due to Plaintiff's age and length of time of employment with the Defendant, she was, upon information and belief, being paid significantly more than the employees who replaced her.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 23.

**PARAGRAPH 24:**

That at the time of Plaintiff's termination they told her that she could apply for another position within the company, but further told her that no positions are or would be available. Upon information and belief, positions were available at that time and came available in the time since.

**ANSWER:**

Defendant admits that at the time of Plaintiff's termination, Plaintiff was told that she could apply for another position within the Company, but that no positions were currently available and that none would be available for the foreseeable future. Defendant denies the remaining allegations contained in Paragraph 24.

**PARAGRAPH 25:**

The actions of the Defendant, as perpetrated by its agents and as described and complained of hereinabove, are unlawful employment practices in that they likely have the effect and did have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting the Plaintiff in violation of the ADEA.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 25.

**PARAGRAPH 26:**

The Defendant intentionally subjected the Plaintiff to discriminatory treatment including but without limitation the following:

    a.    Defendant terminated Plaintiff's employment due to the increased compensation she was receiving due to her age and length of time employed with the Defendant;

    b.    That after eliminating Plaintiff [sic] position as receptionist and warehouse floater, Plaintiff refused to place her into another position, even though she was

11

  qualified and had significant experience, instead hiring employees under the age of 40;

 c. Defendant wrongfully terminated the Defendant [sic] in violation of the Statute.

**ANSWER:**

 Defendant admits that Plaintiff's position of receptionist was eliminated, but denies the remaining allegations contained in Paragraph 26.

**PARAGRAPH 27:**

 The actions of the part of the Defendant have caused and continue to cause the Plaintiff substantial losses in earnings and other employment benefits.

**ANSWER:**

 Defendant denies the allegations contained in Paragraph 27.

**PARAGRAPH 28:**

 The Defendant did the acts herein alleged maliciously, fraudulently, and oppressively and with wrongful intention of injuring the Plaintiff from an improper and evil motive amounting to malice and in conscious disregard of the Plaintiff's rights.

**ANSWER:**

 Defendant denies the allegations contained in Paragraph 28.

## AFFIRMATIVE DEFENSES

 1. With respect to claims for monetary relief, Defendant is entitled to a set-off from any liability for sums earned by Plaintiff since her termination.

 2. Plaintiff is obligated to mitigate her alleged damages with respect to claims for monetary relief. Those claims should be barred or, in the alternative, reduced if Plaintiff has failed to mitigate her damages.

 3. Plaintiff is not entitled to recover punitive damages as alleged in her Complaint on her ADA claim or liquidated damages on her ADEA claim because Defendant cannot be

vicariously liable for discriminatory employment decisions of its agents since those decisions, if any, were contrary to Defendant's good-faith efforts to comply with the ADA and the ADEA.

4. Punitive damages are unavailable under the ADA and liquidated damages are unavailable under the ADEA because Plaintiff cannot demonstrate that Defendant engaged in intentional discrimination with malice or with reckless indifference to the Plaintiff's federally protected rights.

5. Plaintiffs' request for combined compensatory and/or punitive damages and/or liquidated damages in excess of the applicable statutory cap should be stricken in the alternative, reduced by the amount her request exceeds the statutory cap.

6. Plaintiff is precluded from recovering for any discriminatory acts alleged to have occurred more than 300 days prior to the filing of her EEOC Charge of Discrimination, for any discriminatory acts alleged to have occurred after the filing of that Charge, or for any claims that are otherwise found to be beyond the scope of the EEOC Charge of Discrimination that forms the basis of this lawsuit.

7. Plaintiff's Complaint must be dismissed if it is determined that she has failed to file her Complaint within 90 days of her receipt of her Right-to-Sue letter.

8. Even if Plaintiff can prove that she was discharged on the basis of her disability or age Defendant would have taken the same action in the absence of the alleged impermissible motivating factors.

9. Plaintiff is not disabled under the ADA either with or without taking into account the use of mitigating measures.

10. Plaintiff is not disabled because her alleged impairment does not prevent or severely restrict her from performing the variety of tasks and activities central to most people's daily lives.

11. Any and all actions taken by Defendants with respect to the Plaintiff were in good faith.

Dated: April 24, 2008                                         INGRAM ENTERTAINMENT, INC.

                                                              By:   /s/ Clifford R. Perry III
                                                                    Clifford R. Perry III

Clifford R. Perry III (06204955)
Laner, Muchin, Dombrow, Becker,
 Levin and Tominberg, Ltd.
515 North State Street
Suite 2800
Chicago, Illinois 60610
(312) 467-9800
(312) 467-9479 (fax)

## **CERTIFICATE OF SERVICE**

Clifford R. Perry III, an attorney, hereby certifies that he caused Defendant's Answer to Plaintiff's Complaint, via Electronic Filing, to be served on Jeffrey S. Marks and Terry D. Slaw, through the U.S. District Court, Northern District of Illinois e-filing system, on this 24th day of April 2008, addressed to:

Jeffrey S. Marks
jmarks@ashiflaw.com

Terry D. Slaw
Tds_60062@hotmail.com

/s/ Clifford R. Perry III
Clifford R. Perry III